### GALPIN v. WILSON ET AL.

1. **Fraud:** WILL NOT BE PRESUMED: INSTRUCTION. To refuse an instruction to the effect that fraud will never be presumed but must be satisfactorily proved, and give one, the same in substance, from which the word "satisfactorily" was omitted, was not error.

2. **Practice in the Supreme Court:** INSTRUCTION. Judgments will not be reversed because instructions are obnoxious to merely verbal criticism. They will be construed according to their essential meaning.

3. **Contract:** CAPACITY TO MAKE: FRAUD. Where the defense to an action was mental incapacity to make a contract and fraudulent inducements thereto, it was proper to instruct the jury that, if the want of capacity was only partial, they might nevertheless consider whether the defendant might not be more easily deceived than a person of strong mind.

*Appeal from Davis District Court.*

MONDAY, DECEMBER 14.

ACTION upon a note for $250 made by the defendants to W. E. Galpin or order, dated October 14, 1872, and payable in ninety days. The defendant, Kelso, was only surety for Wilson. There was judgment by default against Wilson, the principal. The defendant, Kelso, filed an answer in two

counts; averring, *First*, that he was only surety, and that by reason of old age and mental and bodily weakness, he was incapable of entering into the contract and derived no benefit from it; *Second*, that the payee, knowing of this defendant's inability and incapacity, connived with Wilson to induce this defendant to sign the note, and made false representations therefor. The cause was tried to a jury, who found for defendant. The plaintiff appeals.

*Jones & Moore* and *Trimble & Carruthers*, for appellant.

*Weaver & Payne* and *Traverse & Eichelberger*, for appellees.

COLE, J.—I. The evidence shows that the defendant, Kelso, was about seventy-four years old when the note in controversy was given, but as to the extent of his imbecility and incapacity for business, as well as in respect to the representations made to him to induce him to sign the note, the evidence is conflicting. If the jury gave full credit to the testimony of the defendant's witnesses upon these points, their verdict was not unreasonable. It is very probable that the want of capacity to contract was not so clearly shown as to justify the jury in finding the contract void on that account alone; but the imbecility—the mental and bodily weakness,—taken in connection with the representations made at, and the circumstances attending the execution of the note, afford a sufficient basis for the verdict, and we cannot set it aside as being contrary to the evidence.

II. The plaintiff asked a series of instructions, all of which were refused. The court also gave a series of instructions, to some of which the plaintiff objected. Exceptions were duly taken to the refusal of the series, and also to the giving of those objected to. The first asked by plaintiff was as follows: "Fraud is never to be presumed, but must be satisfactorily proved by some kind of satisfactory evidence, either circumstantial or direct." This was refused, but the court gave the following, it being numbered seven of the series: "Fraud is not to be presumed, it must be proven;

**1. FRAUD: will not be presumed: instruction.**

but, like every other fact, may be found from circumstances."
The refusal of the first, and the giving of the seventh, is here
urged as error. The precise point made is, that by authori-
ties cited by appellant's counsel, it is shown that fraud must
be "fully," "clearly," or "conclusively" proved. But the
only difference in the instruction asked and the one given con-
sists in the word "satisfactorily." This difference is merely

2. PRACTICE in
the Supreme
Court: in-
struction.

in words, and not in the essential meaning of the
two. The jury could not find that fraud was
proven, unless they were satisfied of that fact from
the evidence. If an appellate court should reverse judgments
upon such a criticism of instructions, it would probably
reverse every judgment in cases where any instructions were
given.

The objections made by counsel to the second instruction
given, upon the subject of the defendant's mental weakness,
and his want of capacity to reason, are critical rather than
substantial. The instruction is too long to insert in this
opinion, but we have carefully examined it in the light of the
very astute and able argument by appellant's counsel, and are
constrained to say that we find no substantial error in it.

III. The third and fourth instructions are also objected to
on the grounds that there was no evidence upon which to rest

3. CONTRACT:
capacity to
make: fraud.

them, and that the jury were allowed by them to
consider whether defendant might not be more
easily defrauded than a person of strong mind. There was
evidence of the payee's declarations as to what occurred when
the note was executed, and of the facts and circumstances
leading to and attending its execution. Upon these the jury
were allowed by the instructions to consider the mental
weakness and the partial or total want of capacity to contract,
and if the want of capacity was partial, then the jury were
allowed to consider that fact in connection with the represen-
tations made, if any, for the purpose of determining whether
the defendant was induced by fraud to sign the note. We
see no objections to the instructions as a whole, nor to the
judgment.

AFFIRMED.